UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JESSICA NEGALHA<br>individually and on behalf of all others<br>similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT,<br>INC.<br>　　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)　C. A. No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT**

**INTRODUCTION**

　　This class action complaint seeks relief for the defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"). The defendant made several false threats and statements in attempt to collect a consumer debt from the plaintiff. These false threats and statements were contained in a form letter that the defendant sent to multiple consumers. The plaintiff, Jessica Negalha, individually and on behalf of the class she seeks to represent, brings this action for damages arising from the unlawful threats and statements.

**PARTIES**

1.　　Plaintiff Jessica Negalha is a consumer residing in New Bedford, Massachusetts.

2. Defendant Midland Credit Management, Inc. ("Midland") is a foreign corporation with a principal place of business at 3111 Camino Del Rio North, Suite 103, San Diego, CA 92108.

3. Midland's registered agent, Corporation Service Company, is located at 84 State Street, Boston, MA 02109.

4. Midland is engaged in trade or commerce.

5. Midland is engaged in business that has as its principal purpose the collection of debts.

6. Midland regularly collects and attempts to collect debts due to or originated by others.

7. Midland uses the mail and telephones to collect debts.

8. Midland regularly purchases and attempts to collect defaulted consumer debts.

9. Midland is a debt collector as defined by 15 U.S.C. § 1692a(6).

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this case pursuant to 15 U.S.C. § 1692k and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

11. Venue in this district is proper as the plaintiff resides in this district and the events giving rise to this action occurred here.

## FACTUAL ALLEGATIONS

12. At all times relevant hereto, the defendant was attempting to collect an alleged debt from the plaintiff (hereinafter "debt").

13.     The debt was incurred by the plaintiff primarily for personal, family, or household purposes, and is a "debt" as defined by 15 U.S.C. § 1692a(5).

14.     On or about February 23, 2015, Midland sent the plaintiff a copy of the letter attached hereto, marked as <u>Exhibit A</u>, and incorporated herein by reference.

15.     The letter was a form letter.

16.     In the heading of the letter, Midland states that it is a "PRE-LEGAL NOTIFICATION."

17.     Midland continues to state that:

   a. "This letter is to inform you that we are considering forwarding this account to an attorney in your state for possible litigation."

   b. "If we don't hear from you or receive payment by 03-25-2015, we may proceed with forwarding this account to an attorney."

   c. "If the account goes to an attorney, our flexible options may no longer be available to you."

   d. "This may be your last chance to work with us before the account goes to an attorney."

18.     In short, Midland threatened the Plaintiff with legal action if she did not make a payment on the debt.

19.     The debt is over 12 years old and there have been no payments on the debt for over ten years.

20.     Under applicable Massachusetts law, Midland could not take the action that it threatened in the letter.

21. Midland could not take or did not intend to take the legal action it threatened in its letter.

22. Midland has not taken legal action against Plaintiff.

23. Midland's statements in the course of attempting to collect the debt were false, deceptive and misleading.

**24.** As a result of the defendant's conduct, the plaintiff has suffered damage.

## CLASS ALLEGATIONS

25. The plaintiff brings this action on behalf of a class of all other persons similarly situated.

26. The class consists of all persons who satisfy the following criteria:

    a. Massachusetts residents;

    b. from whom Midland threatened with legal action in the course of an attempt to collect a debt;

    c. for a debt that was,

        i. incurred for personal, family, or household purposes and

        ii. time-barred under applicable law;

    d. during the one-year period prior to the commencement of this action.

27. On information and belief, the class is sufficiently numerous that joinder of all members is impractical.

28. There are questions of law and fact which are common to all members of the class. These questions predominate over any question affecting only individual class members.

29. The plaintiff has the same claims as the members of the class. All claims are based on the same factual and legal theories.

30. The plaintiff and class counsel will fairly and adequately represent the interests of class members. There is no reason the plaintiff and her counsel will not vigorously pursue this matter.

31. Certification of this class pursuant to Fed. R. Civ. P. 23(b)(3) is appropriate. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, in that:

   a. The individual class members are not aware that they have been wronged and are thus unable to prosecute individual actions;

   b. Concentration of the litigation concerning this matter in this Court is desirable;

   c. The claims of the representative plaintiff are typical of the claims of the class;

   d. A failure of justice will result from the absence of a class action; and

   e. The class is of moderate size and the difficulties likely to be encountered in the management of a class action are not great.

32. Certification of this class pursuant to Fed. R. Civ. P. 23(b)(2) is also appropriate. The defendant has acted on grounds generally applicable to the class thereby making declaratory relief appropriate with respect to the class as a whole.

## CLAIM FOR RELIEF

### Count I

### Violation of the Fair Debt Collection Practices Act

33. Plaintiff incorporates and realleges the foregoing paragraphs.

34. The defendant made false, deceptive, and misleading statements in connection with the collection of a debt in violation of 15 U.S.C. §§ 1692e, 1692e(10).

35. The defendant threatened to take action that could not legally be taken or that it did not intend to be taken in violation of 15 U.S.C. § 1692e(5).

36. The plaintiff and class members are entitled to the relief available under 15 U.S.C. § 1692k.

WHEREFORE, the plaintiff, Jessica Negalha, respectfully requests that this Court certify the class and order the following relief against the Defendant Midland Credit Management, Inc.:

For Jessica Negalha and members of the class:

A. Enter judgment for the plaintiff and the class against the defendant for actual damages pursuant to 15 U.S.C. § 1692k.

B. Enter judgment for the plaintiff and the class against the defendant for statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k.

C. Enter judgment declaring the defendant's actions violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

D. Award the plaintiff and the class reasonable attorney's fees and the costs of this action pursuant to 15 U.S.C. § 1692k(a)(3).

E. Grant such other relief that the Court deems just.

## JURY DEMAND

The plaintiff demands a trial by jury on each count so triable.

Respectfully submitted, this 6th day of March, 2015.

JESSICA NEGALHA,

by her attorney,

*/s/ Nicholas F. Ortiz*

_____
Nicholas F. Ortiz, BBO# 655135
Law Office of Nicholas F. Ortiz, P.C.
99 High Street, Suite 304
Boston, MA 02110
(617) 338-9400